Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 454584
Citizens for Responsibility
and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C.  20005
202-408-5565

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON 1400 Eye Street, N.W., Suite 450 Washington, D.C.  20005         Plaintiff,       v. U.S. DEPARTMENT OF DEFENSE, DEFENSE INFORMATION SYSTEMS AGENCY 701 South Courthouse Road Arlington, Virginia  22204-2199         Defendant. | : : : : : : : : : Civil Action No. : : : : : : : : : |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as

amended, as well as agency FOIA regulations, challenging the failure of the Defense Information

Systems Agency ("DISA") of the U.S. Department of Defense to fulfill the request of plaintiff

for emails that came into or went out of the email system maintained and controlled by the White House Communications Agency ("WHCA"), a component of DISA, from specified email addresses. Plaintiff also seeks telephone logs of all calls made by Karl Rove to a telephone number associated with the Republican National Committee.

2. This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's request for records, and injunctive relief that defendant immediately and fully comply with plaintiff's requests under the FOIA.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously. CREW monitors closely the laws and rules

applicable to government agencies.

6. CREW is harmed by DISA's failure to comply with the FOIA, because that failure harms CREW's ability to provide full, accurate, and current information to the public. 5 U.S.C. § 552(a)(6)(c). Absent this critical information, CREW cannot advance its mission of educating the public to ensure that the public continues to have a vital voice in government decisions.

7. CREW will analyze the information it receives that is responsive to its request, and will share it with the public through memoranda, reports, or press releases. In addition, CREW will disseminate any documents it acquires from its request to the public through www.governmentdocs.org, an interactive website CREW founded and that includes thousands of pages of public documents from a number of organizations in addition to CREW. The CREW website also contains links to thousands of pages of documents acquired from multiple FOIA requests. See, e.g., http://www.citizensforethics.org/node/25784. Visitors to CREW's website can peruse the FOIA request letters, the responses from government agencies, and a growing number of documents responding to FOIA requests.

8. Defendant DISA is an agency within the meaning of 5 U.S.C. § 552(f). DISA is in possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

**STATUTORY FRAMEWORK**

**The Freedom of Information Act**

9. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10. An agency must respond to a party making a FOIA request within 20 working days,

notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(I).

11.  An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial.  5 U.S.C. § 552(a)(6)(A)(ii).

12.  The FOIA requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester has demonstrated a "compelling need" as well as "other cases determined by the agency."  5 U.S.C. § 552(a)(6)(E)(I).  The FOIA defines "compelling need" as including requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity."  Id. at § 552(a)(6)(E)(v)(III).  Department of Defense regulations, found at 32 C.F.R. § 286.4(d)(3), mirror this requirement.

13.  Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request," 5 U.S.C. § 552(a)(6)(E)(ii)(I), and to give "expeditious consideration" to administrative appeals of such determinations.  Id. at § 552(a)(6)(E)(ii)(II).

14.  Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination."  5 U.S.C. § 552(a)(6)(E)(iii).

15.  A requester is not required to exhaust administrative remedies prior to seeking judicial review of an agency's denial of a request for expedited processing.  See, e.g., Al-Fayed

v. CIA, No. 00-2092, 2000 U.S. District LEXIS 21476, at *8  (D.D.C. Sept. 20, 2000).

16.  The FOIA also requires each agency to promulgate regulations specifying a fee schedule for the processing of FOIA requests and establishing procedures and guidelines for the waiver or reduction of fees.  5 U.S.C. § 552(a)(4)(A).  Defendant DISA's fee waiver regulations are found at 32 C.F.R. § 286.28.  Both the FOIA and DISA regulations provide that documents should be produced at no charge to the requester or at a reduced charge if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.  5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 286.28(d).

17.  This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

18.  The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records.  Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered.  5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

19.  On May 3, 2007, CREW sent a FOIA request to defendant seeking from the WHCA any and all emails that came into or went out of any email system maintained or controlled by the WHCA between January 1, 2001 and the present from the following email addresses:  (1) gwb43.com; (2) rnchq.org; (3) georgebush.com.  Letter from Anne L. Weismann to DISA, May 3,

2007 (attached as Exhibit 1). CREW also requested telephone logs of any calls made by Karl

Rove between January 1, 2001 and the present through any switchboard operated or controlled by

the WHCA, including the Signal and Royal Crown switchboards, to a telephone number

associated with the Republican National Committee. Id.

20. CREW also sought a waiver of fees associated with processing its request given that

the request concerns the operations of the federal government, the disclosures will likely

contribute to a better understanding of relevant government procedures and the request is

primarily and fundamentally for non-commercial purposes. Id.

21. In addition, CREW sought expedition based on the urgency to inform the public about

the extent to which top White House aides used government resources to conduct political

activities, particularly in light of revelations about the use by high-ranking White House officials

of outside email accounts. Id.

22. By letter dated May 8, 2007, DISA FOIA Control Officer Robin M. Berger

acknowledged receipt of CREW's FOIA request. Letter from Robin M. Berger to Anne

Weismann, May 8, 2007 (attached as Exhibit 2). DISA further advised CREW that because of the

office's backlog of initial requests and limited personnel resources, the agency would not be able

to complete its processing of CREW's request within the statutory time requirement. Id. DISA

estimated a date of completion of 90 days from the date of its letter. Id. Finally, DISA did not

acknowledge or address CREW's request for expedition.

23. To date, CREW has heard nothing further from DISA regarding CREW's May 3,

2007 FOIA request. The statutory time for DISA to respond to plaintiff's request has run out and

CREW has now exhausted its administrative remedies. See, e.g., Oglesby v. U.S. Dep't of Army,

920 F.2d 57, 65 (D.C. Cir. 1990).

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Expedite)

24. Plaintiff realleges and incorporates by reference all preceding paragraphs.

25. Plaintiff demonstrated that it met the requirements for expediting its FOIA request to DISA.

26. To date, plaintiff has not received a substantive response to its request from DISA.

27. Therefore, defendant violated FOIA's mandate to expedite the processing of plaintiff's FOIA requests and defendant's own regulations by failing to expedite plaintiff's FOIA. 5 U.S.C. § 552(a)(6)(E)(ii); 32 C.F.R. § 286.4(d)(3).

### CLAIM TWO
### (Failure to Produce Records)

28. Plaintiff realleges and incorporates by reference all preceding paragraphs.

29. Plaintiff properly asked for records within the custody and control of  DISA.

30. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

31 Therefore, defendant violated FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that DISA has violated the Freedom of Information Act by failing to lawfully

satisfy plaintiff's FOIA request of May 3, 2007;

(2) Order DISA to respond to plaintiff's FOIA request immediately;

(3) Award plaintiff reasonably attorney fees and litigation costs in this action, pursuant to

5 U.S.C. § 552(a)(4)(E); and

(8) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Melanie Sloan
(D.C. Bar No. 434584)
Anne L. Weismann
(D.C. Bar No. 298190)
Citizens for Responsibility and Ethics
  in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated:  November 6, 2007

# EXHIBIT 1

# CREW | citizens for responsibility and ethics in washington

May 3, 2007

**By fax (703-607-4344) and first-class mail**

Defense Information Systems Agency
Attn: Headquarters FOIA
Requester Service Center
P.O. Box 4502
Arlington, VA 22204-4502

**Re: Freedom of Information Act Request**

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, et seq.

Specifically, CREW seeks from the White House Communications Agency ("WHCA"), a component of the Defense Information Systems Agency, any and all emails that came into or went out of any email system maintained or controlled by the WHCA between January 1, 2001 and the present that were from or to the following email addresses: (1) gwb43.com; (2) rnchq.org and (3) georgebush.com. In addition, CREW seeks telephone logs of any and all calls made by Karl Rove between January 1, 2001 and the present through any switchboard operated or controlled by the WHCA, including the Signal and Royal Crown switchboards, to a telephone number associated with the Republican National Committee.

Please search for responsive records regardless of format, medium, or physical characteristics. Where possible, please produce records electronically, in PDF or TIF format on a CD-ROM. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

If it is your position that any portion of the requested records is exempt from disclosure,

CREW requests that you provide it with an index of those documents as required under <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert</u>. <u>denied</u>, 415 U.S. 977 (1972). As you are aware, a <u>Vaughn</u> index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." <u>Founding Church of Scientology v. Bell</u>, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the <u>Vaughn</u> index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after information." <u>King v. U.S. Dep't of Justice</u>, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" <u>Id</u>. at 224 (citing Mead <u>Data Central v. U.S. Dep't of the Air Force</u>, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. <u>See</u> 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. <u>Mead Data Central</u>, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a <u>Vaughn</u> index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and expenditures, and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). <u>See</u>, <u>e.g.</u>, <u>McClellan Ecological v. Carlucci</u>, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of the extent to which top White House aides used government resources to conduct political activities.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press

releases.  In addition, CREW will disseminate any documents it acquires from this request to the public.  CREW has established an interactive website where members of the public can analyze and comment on public documents, including documents CREW acquires through the FOIA. See http://foia.citizensforethics.org/home.  Currently, CREW's website contains links to thousands of pages of documents CREW acquired from multiple FOIA requests.  CREW's website, www.citizensforethics.org, also includes documents relating to CREW's FOIA litigation, Internal Revenue complaints, and Federal Election Commission complaints. As CREW's website demonstrates, CREW has an established history of acquiring documents through the FOIA and publishing them on its website for public use.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

### Request for Expedition

Pursuant to 5 U.S.C. § 552(a)(6)(E)(1), CREW requests that the Defense Information Systems Agency expedite the processing of this request in light of the compelling need for the requested information.  CREW is a non-profit corporation engaged primarily in disseminating information it gathers from a variety of sources, including the FOIA, and seeks the information requested in this FOIA request for the express purpose of disseminating it to the public.  As discussed above, CREW's website contains numerous examples of its efforts in this regard.  It is CREW's hope that by disseminating this type of information, the public will be better able to evaluate the actions of our public officials and will have a more effective voice, including in the voting booth.

As with the Electronic Privacy Information Center and the ACLU, two organizations that the courts have found satisfy the criteria necessary to qualify for expedition,[1] CREW "'gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience.'"  ACLU, 321 F.Supp.2d at 30 n.5, *quoting* EPIC, 241 F.Supp.2d at 11.

There is a particular urgency in informing the public about the degree to which top White House aides used government resources to conduct political activities.  In response to the recent revelations about the use by high-ranking EOP officials of outside email accounts, the White House has claimed that such use was necessary to comply with the Hatch Act restrictions on the use of federally-funded facilities for political activities.  The public, as well as the congressional committees considering this matter, need to know the true facts underlying these practices. Accordingly, CREW requests that this request be expedited.

---

[1] See ACLU v. U.S. Dep't of Justice, 321 F.Supp.2d 24, 30 (D.D.C. 2004); EPIC v. Dep't of Defense, 241 F.Supp.2d 5, 11 (D.D.C. 2003).

3

**Conclusion**

If you have any questions about this request or foresee any problems in releasing fully the requested records on an expedited basis, please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

ANNE L. WEISMANN
Chief Counsel

4

# EXHIBIT 2



**DEFENSE INFORMATION SYSTEMS AGENCY**
P. O. Box 4502
ARLINGTON, VIRGINIA 22204-4502

IN REPLY
REFER TO:

General Counsel                                                      8 May 2007
FOIA Office

Citizens for Responsibility and
Ethics in Washington
ATTN: Anne Weismann
1400 Eye Street, N.W.
Suite 450
Washington, DC 20005

                                                                FOIA 07-68

Dear Ms. Weisman:

This letter acknowledges receipt of your letter for a copy of any and all emails that came
into or went out of any email maintained or controlled by the White House
Communications Agency (WHCA) between Jan 1, 2001 to the present from email
addresses: gwb43.com, mchq.org and georgebush.com; all telephone logs of any and all
calls made by Karl Rove between January 1 2001 and the present through any
switchboard operated or controlled by WHCA including the Signal and Royal Crown
switchboards to a telephone number associated with the Republican National Committee.

This office has a backlog of initial requests, as well as limited personnel resources. We
are currently in the process of conducting a search for the documents within the scope of
your request. Even if we do locate responsive records, additional time will be required to
process them for release. Accordingly, I must inform you that we will be unable to
comply with the statutory time requirement for the processing of this request. The
estimated date of completion will be 90 days from the date of this letter.

If there are any questions about your request, please reference the above FOIA number. I
can be reached by phone at (703) 607-6515.

Please be assured that your request will be handled as quickly as possible.

                                   Sincerely,

                                   ROBIN M. BERGER
                                   DISA FOIA CONTROL OFFICER

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Citizens for Responsibility and Ethics in Washington | U.S. Department of Defense, Defense Information Systems Agency |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001 (IN U.S. PLAINTIFF CASES ONLY) NOTE: In land condemnation cases, use the location of the tract of land involved. |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Anne L. Weismann Citizens for Responsibility and Ethics in Washington 1400 Eye Street, N.W., Suite 450 Washington, D.C. 20005 202-408-5565 | |

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)
( FOR DIVERSITY CASES ONLY!)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ⊙ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC sec. 552. U.S. Department of Education has failed to produce records in response to plaintiff's FOIA request and to grant plaintiff a fee waiver.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Select YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE  11/6/07      SIGNATURE OF ATTORNEY OF RECORD _____

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.