IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>1400 Eye Street, N.W., Suite 450<br>Washington, D.C.  20005<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF DEFENSE, DEFENSE INFORMATION SYSTEMS AGENCY<br>701 South Courthouse Road<br>Arlington, VA  22204<br><br>　　　　　Defendant. | Civil Action No. 07-2003(EGS) |

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant U.S. Department of Defense, Defense Information Systems Agency, ("Defendant" or "DISA"), through undersigned counsel, hereby answers the Complaint of Plaintiff Citizens for Responsibility and Ethics in Washington ("Plaintiff" or "CREW").

### First Affirmative Defense

The Court lacks subject-matter jurisdiction over this case.

### Second Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Third Affirmative Defense

Defendant objects to the Complaint to the extent that answering it imposes obligations on Defendant that exceed those imposed by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Defendant's Responses to the Numbered Paragraphs**

Defendant answers the numbered paragraphs of the Complaint as follows:

1. Paragraph 1 is a characterization of this action to which no response is required. To the extent that a response is deemed necessary, Defendant admits that Plaintiff filed this action under FOIA alleging Defendant's failure to fulfill Plaintiff's May 3, 2007 FOIA request (the "FOIA Request"), which is attached to the Complaint as Exhibit 1, but denies all other allegations contained in Paragraph 1.

2. Paragraph 2 is a characterization of the relief sought in this action to which no response is required. To the extent that a response is deemed necessary, Defendant admits that Plaintiff seeks declaratory and injunctive relief relating to its FOIA request, which is attached to the Complaint as Exhibit 1.

3. Paragraph 3 contains legal conclusions to which no response is required.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. The first sentence in Paragraph 8 is a legal conclusion to which no response is required. With respect to the second sentence in Paragraph 8, Defendant admits that it is in

possession or control of some documents that pertain to the subject matter of CREW's FOIA request.

9-18.   Paragraphs 9-18 contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant respectfully refers the Court to the cited statutory and regulatory provisions, and case law, for a complete and accurate statement of their contents.

19.   The allegations contained in Paragraph 19 constitute a characterization of CREW's FOIA request that is attached to the Complaint as Exhibit 1, to which no response is required. To the extent that a response is deemed necessary, Defendant admits receiving CREW's FOIA request and respectfully refers the Court to the request for a complete and accurate statement of its contents.

20.   The allegations contained in Paragraph 20 constitute a characterization of CREW's FOIA request that is attached to the Complaint as Exhibit 1, to which no response is required. To the extent that a response is deemed necessary, Defendant admits receiving CREW's FOIA request and respectfully refers the Court to the request for a complete and accurate statement of its contents.

21.   The allegations contained in Paragraph 21 constitute a characterization of CREW's FOIA request that is attached to the Complaint as Exhibit 1, to which no response is required. To the extent that a response is deemed necessary, Defendant admits receiving CREW's FOIA request and respectfully refers the Court to the request for a complete and accurate statement of its contents.

22.   The allegations contained in Paragraph 22 constitute a characterization of DISA FOIA Control Officer Robin Berger's May 8, 2007 letter to CREW that is attached to the

Complaint as Exhibit 2, to which no response is required.  To the extent that a response is deemed necessary, Defendant admits sending the letter that is attached to the Complaint as Exhibit 2 to CREW and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

23.    Defendant admits the allegation contained in the first sentence in Paragraph 23.  The second sentence in Paragraph 23 is a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations contained in the second sentence in Paragraph 23.

24.    To the extent that Plaintiff realleges and incorporates by reference all preceding paragraphs into Paragraph 24, Defendant refers the Court to its responses to those preceding paragraphs.

25.    Paragraph 25 is a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegation contained in Paragraph 25.

26.    Defendant admits the allegation contained in Paragraph 26.

27.    Paragraph 27 is a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 27.

28.    To the extent that Plaintiff realleges and incorporates by reference all preceding paragraphs into Paragraph 28, Defendant refers the Court to its responses to those preceding paragraphs.

29.    Paragraph 29 is a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 29.

30.    Paragraph 30 is a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 30.

31.     Paragraph 31 is a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 31.

The final, unnumbered paragraph of the Complaint represents Plaintiff's request for relief to which no response is required.  To the extent that a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations not expressly admitted or denied.

Dated:  December 17, 2007                    Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Assistant Director
Federal Programs Branch

  /s/  Nicholas A. Oldham
Nicholas A. Oldham (D.C. Bar No. 484113)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C.  20044
<u>Delivery Address</u>
20 Massachusetts Ave., N.W., Rm. 7204
Washington, D.C.  20001
Tel: (202) 514-3367
Fax: (202) 616-8470
nicholas.oldham@usdoj.gov

Attorneys for Defendant