IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF DEFENSE, DEFENSE INFORMATION SYSTEMS AGENCY,<br><br>        Defendant. | Civil Action No. 07-2003(EGS) |

**SECOND MEET AND CONFER STATEMENT**

The parties have conferred and submit the following joint statement, which statement is followed by separate statements of the parties.

**Joint Statement**

1.      This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") alleges that defendant United States Department of Defense, Defense Information Systems Agency, has violated the FOIA in connection with plaintiff's May 3, 2007 FOIA request to the defendant.  Defendant denies that it has violated the FOIA.

2.      By its FOIA request dated May 3, 2007, plaintiff requested of defendant "any and all emails that came into or went out of any email system maintained or controlled by the WHCA between January 1, 2001 and the present that were from or to the following email addresses: 1) gwb43.com; 2) rnchq.org and 3) georgebush.com."  Plaintiff further requested "telephone logs of any and all calls made by Karl Rove between January 1, 2001 and the present through any switchboard operated or controlled by WHCA, including the Signal and Royal Crown

switchboards, to a telephone number associated with the Republican National Committee." Complaint Ex. 1 (dkt. no. 1).

3. The parties agree that excluded from plaintiff's request are emails that pertain to purely personal matters and that do not pertain to political or policy matters.

**Plaintiff's Statement**

1. On March 10, 2008, Defendant stated its intention to submit to plaintiff on or before March 28, 2008 an "additional, meaningful limitation on the scope of" plaintiff's FOIA request for emails of May 3, 2007, beyond the limitation described at Paragraph 3 herein of the parties' Joint Statement. Defendant has stated that it needs additional time to review potentially responsive documents in order to submit such additional proposed limitation. Plaintiff submits that defendant has had sufficient time to propose any such additional limitation in scope. Plaintiff has not received from defendant a specific indication of what type of documents are to be subsumed within any "additional" category of documents, and cannot, therefore, express any position at this time as to its willingness to accept such a proposed limitation.

2. Plaintiff submits that May 13, 2008 represents a date by which Defendant should reasonably be expected to complete production of all records responsive to plaintiff's FOIA request. To date, plaintiff has not received a substantive response to its FOIA request of May 3, 2007, despite the fact that plaintiff initially requested expedition based on the particular urgency to inform the public about the degree to which top White House aides used government resources to conduct political activities. This urgency was recently reconfirmed by Congressman Henry A. Waxman, Chairman of the House Committee on Oversight and Government Reform, at a hearing addressing the related problem of government officials using Republican National

Committee-issued email accounts to conduct public business.[1]  Defendant has never contested that plaintiff satisfies the criteria for expedition.  From plaintiff's lack of receipt of any responsive documents, it is clear that defendant is not expediting plaintiff's request; indeed, its processing falls far short of non-expedited treatment.

3. In the ten months since plaintiff filed its original FOIA request, plaintiff has yet to receive a single responsive document, despite the fact that defendant identified potentially responsive documents weeks ago.  As expressed in the parties' Meet and Confer Statement filed with the court two weeks ago (Dkt. no. 5), plaintiff agrees that emails that pertain to purely private or personal matters and that do not pertain to political or policy matters are excluded from the scope of plaintiff's FOIA request.  Meet and Confer Statement at p. 2, ¶ 4b.

4. Defendant's proposed date, September 19, 2008, for completing production of the requested records, is not sufficiently justified.  Plaintiff has attempted to negotiate with defendant's counsel a timetable that accommodates the interests of the government while recognizing the public urgency in obtaining the requested records.  A production date that is almost 17 months after plaintiff first filed its FOIA request does not adequately and properly take into account the public interest and the reasons for the requested expedition.  Plaintiff submits

---

[1] Congressman Waxman stated:

> And when we know that, for the record, that there are 51 of the 88 White House officials who had RNC email accounts, and then we do not know what has happened to [the email of] 37 of those 51, and before 2006 only 14 of these officials had the emails even retained at all and that Karl Rove, for example, used 99 percent of his time on RNC emails, one would assume he was doing some Government work.

*Electronic Records Preservation at the White House: Hearing Before the H. Comm. on Oversight and Gov't Reform*, 110th Cong. 70-71 (Sept. 26, 2008), *available at* http://oversight.house.gov/documents/20080228105823.pdf.

that a final production date of May 13, 2008 – with rolling production in the interim – more properly reflects those interests. Plaintiff's submission that defendant could reasonably be expected to complete production of all records responsive to plaintiff's FOIA request by May 13, 2008 takes defendant at its word that it is diligently processing plaintiff's request, and that records can be released as processed on a rolling basis.

5. Unfortunately, it now appears that at this juncture the parties are at somewhat of an impasse, despite efforts to narrow the scope of plaintiff's request. Plaintiff, for its part, has agreed to exclude from its request emails pertaining to "purely personal matters," and has further suggested additional clarifying language as to what this term means. Plaintiff has also made clear it is open to any additional suggestions defendant may have as to how its request can be narrowed, but to date defendant has provided none.

6. Plaintiff and this Court have good reason to question the degree of due diligence underlying defendant's proposal that it have until September 19, 2008, to complete processing CREW's request. Defendant has articulated September 19, 2008 as a target completion date, couched behind its estimate that more than 10,000 potentially responsive pages exist. Such estimate of 10,000 pages has not changed despite defendant's "diligent…review [of] the documents." ¶ 4 of Def.'s Stmt. Lacking from plaintiff's proposal is the specific, detailed factual support that would justify requiring plaintiff to wait nearly 17 months to receive all of its requested documents. Defendant's rhetoric aside, such a proposal is neither reasonable nor justified.

7. Defendant's proposal is moreover based on its claim that there are over 10,000 potentially responsive documents, a number that could be narrowed if a further scope limitation agreement were reached. Plaintiff remains open to potentially narrowing the scope of its request

4

and toward that end believes that a meeting with agency personnel processing the request and defendant's counsel would be the most productive way to ascertain if a further compromise is possible.

8.      Plaintiff proposes that the Court order the parties to file, on or before April 10, 2008, a status report with the Court regarding the progress of defendant's production.

### Defendant's Statement

1.      Defendant, United States Department of Defense, Defense Information Systems Agency ("DISA") is a component of the Department of Defense. Its FOIA office is comprised of one FOIA officer and an attorney in DISA's Office of General Counsel who is responsible for both FOIA and non-FOIA matters ("agency attorney"). The agency attorney has served as the principle contact for the United States Department of Justice in this litigation.

2.      Defendant represented in its separate statement in the parties' First Meet and Confer Statement (dkt. no. 5) ("Meet and Confer Stmt.") that plaintiff's request for expedited processing is moot because defendant has commenced processing of plaintiff's request. Meet and Confer Stmt., ¶ 1 of Def.'s Stmt. Specifically, defendant is processing plaintiff's FOIA request as quickly as possible given the volume of documents, defendant's resource limitations, and the coordination required in processing the request, and is treating plaintiff's request as first in its processing queue. Defendant thus could not process plaintiff's request any quicker than it is doing now.

3.      On January 18, 2008, defendant's counsel informed plaintiff's counsel that defendant was undertaking the search required in response to plaintiff's FOIA request, and that such search would be completed by February 22, 2008. As defendant agreed, on February 22, defendant represented that it had substantially completed its search. (At this time, defendant

4.      Since completing its search, defendant has been diligently engaged in reviewing the documents identified as potentially responsive to plaintiff's FOIA request.  In particular, agency counsel has spent numerous hours in the evening and on the weekends reviewing the documents in a good faith effort at resolving plaintiff's FOIA request as quickly as possible.  Defendant has also been reviewing the potentially responsive documents to determine if they include categories of documents that might not be of interest to plaintiff, and which the parties might be able to negotiate to exclude from processing and thereby resolve plaintiff's FOIA request more quickly.

5.      Defendant notified plaintiff on March 10, 2008 that it anticipated that it would be able to complete processing of plaintiff's FOIA request on or before September 19, 2008.  Without any factual support or even a good faith basis for disputing defendant's estimate, plaintiff asserts that this proposed date "is not sufficiently justified."  Quite to the contrary, defendant proposed this date based on a detailed evaluation of its resources, the number of pages of potentially responsive documents, and a projection of the time necessary to prepare the documents for production (including making any necessary redactions).  This estimate was also based on factoring in substantial overtime for the DISA employees responsible for FOIA.  It would be unreasonable to impose upon defendant a completion date earlier than September 19, 2008.

6. Plaintiff proposes, without any basis, May 13, 2008 as a completion date. Specifically, defendant's counsel originally understood that there were only 3,000 pages of documents potentially responsive to plaintiff's FOIA request and relayed that fact to plaintiff's counsel in negotiations leading up to the parties' First Meet and Confer Statement. Based on the estimate of 3,000 pages, prior to the parties' First Meet and Confer Statement plaintiff proposed a schedule that included May 13, 2008 as a completion date if the parties' reached an agreement as to the scope of plaintiff's FOIA request, or June 27, 2008 if the parties did not reach such an agreement. Plaintiff now asserts that May 13 is reasonable, even though that date was based on plaintiff's assumption that there were 7,000 less pages of documents to review. It is thus evident that plaintiff has no principled basis for insisting that May 13 is a reasonable completion date.

7. Plaintiff asserts that "Defendant has stated its intention to submit to plaintiff on or before March 28, 2008 an 'additional, meaningful limitation on the scope of' plaintiff's FOIA request for emails of May 3, 2007, beyond the limitation described at Paragraph 3 herein of the parties' Joint Statement." This misstates counsel's email to plaintiff's counsel. That email dated March 10, 2008, states, in relevant part, "I mentioned last week that I hoped to be able to propose the exclusion of an additional category of documents. As you recall, the government originally requested until March 28 to complete our initial review of the documents and propose an anticipated date by which the government would complete processing, but CREW requested that the government provide such anticipated completion date by today. Because we need to review more documents and have additional discussions on our end about those documents before we can propose an additional, meaningful limitation on the scope of the request, the government will not be in a position to propose the exclusion of additional documents today. However, we believe that the parties should continue to work together in the future to the extent necessary in

7

8. As defendant's email states, defendant requested more time initially to review documents before discussing the scope of plaintiff's request, and that because defendant has not had sufficient time in advance of this Second Meet and Confer Statement, defendant is not in a position to propose an additional limitation on the FOIA request. Defendant is reviewing the potentially responsive documents to determine if any further limitations would make sense in order to reduce the processing time and resolve plaintiff's FOIA request more quickly, but has not represented that it will propose any such limitations by March 28, 2008. As clearly stated in counsel's email, defendant believes that the parties should continue to work together in the future to the extent necessary in order to further reduce the scope of CREW's FOIA request, and, as a consequent, speed up the processing of plaintiff's FOIA request. To that end, plaintiff has proposed that plaintiff meet with agency personnel processing the request and defendant's counsel to ascertain whether a future compromise is possible. At this time, defendant's counsel believes that such a meeting would be productive after defendant has had the chance to review more documents as stated in counsel's March 10 email quoted above, and would attempt to schedule such meeting as soon as practicable. The parties have not yet set a meeting date.

Dated:  March 11, 2008

                                    Respectfully submitted,

| | |
|---|---|
| __/s/ William C. Holmes_____ | JEFFREY S. BUCHOLTZ |
| WILLIAM C. HOLMES | Acting Assistant Attorney General |
| D.C. Bar # 495186 | |
| ANNE L. WEISMANN | JEFFREY A. TAYLOR |
| D.C. Bar # 298190 | United States Attorney |
| MELANIE SLOAN | |
| D.C. Bar # 434584 | |
| Citizens for Responsibility and | ELIZABETH J. SHAPIRO (D.C. Bar No. 418925) |
| Ethics in Washington | Assistant Director |
| 1400 Eye Street, NW; Suite 450 | Federal Programs Branch |
| Attorneys for Defendant | |
| Counsel for Plaintiff |    /s/ Nicholas A. Oldham_____ |
| | Nicholas A. Oldham (D.C. Bar No. 484113) |
| | Trial Attorney |
| | Tel: (202) 408-5565 |
| | Washington, D.C.  20005 |
| | U.S. Department of Justice |
| | Civil Division, Federal Programs Branch |
| | <u>Mailing Address</u> |
| | P.O. Box 883 |
| | Washington, D.C.  20044 |
| | <u>Delivery Address</u> |
| | 20 Massachusetts Ave., N.W., Rm. 7204 |
| | Washington, D.C.  20001 |
| | Tel: (202) 514-3367 |
| | Fax: (202) 616-8470 |
| | nicholas.oldham@usdoj.gov |